BENJ. AYCOCK, to the use of B. H. ISLER *v.* F. B. HARRISON and others.

Notice of an application to a Court for leave to issue a *ven. ex.*—the judgment having been obtained in 1861, and the last execution thereon returned more than three years from the date of such application, and the defendant therein being dead—must be served on the personal representative of such defendant.

Where a party to an action dies after judgment, the action abates, just as it would by his death before judgment, unless it be revived by or against his personal representative. All executions tested after its abatement and before its renewal, would be irregular, and any lien acquired by such executions would be destroyed.

(*Smith* v. *Spencer*, 3 Ired. 526; *Samuel* v. *Zachary*, 4 Ired, 377; *Hardy* v. *Jasper*, 3 Dev, 158, cited and approved.)

This was a MOTION for a *venditioni exponas* to issue to the sheriff of Craven county, heard by his Honor, *Judge Clarke,* at the Fall Term, 1874, of WAYNE Superior Court.

The facts are substantially the following :

At August Term, 1861, of the Court of Pleas and Quarter Sessions of Wayne county, the plaintiff Aycock recovered a judgment against the defendants, F. B. Harrison, J. M. F. Harrison and W. A. Cox, for $7,488.41, upon which judgment the following executions issued :

*Fi. fa.* to the sheriff of Jones county, tested August Term, 1861, returnable to November Term, 1861. This execution was never returned.

*Alias fi. fa.* to the sheriff of Jones, tested November Term, 1861, returnable to February Term, 1862.

*Alias fi. fa.* to the sheriff of Wake, tested November Term, 1862, and returnable to November Term, 1863.

*Alias fi. fa.* to the sheriff of Wake, tested November Term, 1863, and returnable to November Term, 1864.

*Alias fi. fa.* to the sheriff of Jones, tested November Term, 1864, and returnable to November Term, 1865. This execution was never returned.

*Alias fi. fa.* to the sheriff of Jones, tested November Term, 1865, and returnable to November Term, 1866. Upon which the sheriff returns that he transmitted the writ to the plaintiff, to be handed to his successor in office, &c.

Also an *alias fi. fa.* to the sheriff of Craven, tested November Term, 1865, and returnable to May Term, 1866. This execution issued against the goods and chattels of the defendant, J. M. F. Harrison, in the hands of J. D. Flanner, his administrator, he having died May, 1864. Under this the sheriff of Craven levied on 370 acres of land in that county, and several lots in Newbern, the levy being dated 1st May, 1856.

A similar *fi. fa.* against all the defendants, tested of the same term and returnable to May Term, 1866, issued to Jones county, under which the sheriff levied on 2,600 acres of land as the property of F. B. Harrison.

At May Term, 1866, a *venditioni exponas* issued to sheriff of Jones, returnable to August Term, 1866, commanding him to sell the lands levied on, &c. Upon which sheriff returns, "No sale on account of Stay law."

A notice issued to Virginia Harrison, the widow of J. M. F. Harrison and guardian of his children and heirs-at-law, that the plaintiff would, at Fall Term, 1873, of the Superior Court, move for a *ven. ex.* to the sheriff of Craven to sell the land levied on 1st of May, 1866. The motion was made, and.

28

objected to by her, the said widow, for herself and children. His Honor allowed the motion and ordered the *ven. exponas* to issue. From this order defendants appealed.

*Battle & Son* and *Seymour*, for appellants.
*Isler*, contra.

Rodman, J. This is an application to the Superior Court of Wayne at Fall Term, 1873, to be allowed to issue an execution upon a judgment taken in 1861, and the last execution upon which was returnable more than three years before. The object of the Code in forbidding an execution under such circumstances is to require the plaintiff to show, by his oath or otherwise, that the judgment has not been satisfied, and to give the adverse party an opportunity of showing that it has been. Hence notice to the adverse party is required. C. C. P., secs. 255, 256, (Rev. Code, chap. 31, sec. 109.)

When the adverse party is dead at the time of the application, the same reason for notice to his personal representative exists as does for notice to him if he be living. In the present case there was no notice to the personal representative of Harrison, although there was to his widow and heirs. This of itself would be sufficient ground for refusing the motion, unless the notice to the administrator is rendered unnecessary by the circumstances, as the plaintiff contends that it is. The plaintiff contends that it is unnecessary, because he has a specific lien on certain lands in Craven county, which belonged to Harrison during his life, by virtue of a levy under execution tested of November Term, 1865, returnable to May Term, 1866, of Wayne Court, and levied by the sheriff of Craven on said lands. If that were so, it would not dispense with notice of the present motion to the administrator, to give him an opportunity of showing that the judgment had been satisfied.

But the sections of C. C. P. above cited are not the only law which applies where the defendant has died before any lien had been acquired upon his property. As these proceed-

ings (with the exception of the present motion,) were before 1868, their regularity and effect must be decided, upon the law in force at their dates. By that law, if a defendant died after judgment and an execution issued tested before his death, the sheriff might before the return day, levy upon and sell his property, notwithstanding his death. But if the teste of the execution was after his death, the execution was irregular without a previous *scire facias* to the heirs. *Samuel* v. *Zachary*, 4 Ired. 377. And any levy made upon such an execution was a nullity.

When a party to an action dies after judgment the action abates, just as it would by his death before judgment, unless it be revived by or against his personal representative, as was provided by Rev. Code, chap. 1, sec. 1. Of course all executions tested after its abatement and before its revival would be irregular. The abatement would not destroy the lien acquired by a regular levy. The judgment of revival of the abated judgment would provide for its revival with the incident of the lien. *Smith* v. *Spencer*, 3 Ired. 526. As to such cases since C. C. P., see *Murchison* v. *Williams*, at this term. In the present case, the plaintiff has omitted to take the regular course to revive his judgment, which abated after the lapse of two terms from the death of the defendant. Supposing that he kept up a regular succession of executions, after obtaining his judgment in 1861, yet no execution issued to Craven county until the one tested in November, 1865. This was not connected with the preceding executions issued to Jones and Wake. It was, so far the property in Craven was concerned, an original *fieri facias*. *Smith* v. *Spencer*, 3 Ired. 526 ; *Hardy* v. *Jasper*, 3 Dev. 158. Being after the action had abated by the death of the defendant, it was irregular and the plaintiff acquired no lien by the levy under it.

Ordinarily, upon a motion for leave to issue execution under C. C. P., secs. 255, 256, if it appears that the judgment has not been satisfied, the Court will allow the party to take out an execution which may be authorized by the judgment. It will

not undertake to decide in advance what rights will be acquired by a sale under it, as such a decision would be necessarily *ex parte*. But in the present case, the motion is for a particular form of execution, which pre-supposes a lien on the land, and the Court, before allowing it, is obliged to consider whether there is any such lien as against the heirs of the defendant, although its decision would, of course, bind no one not a party.

We are of opinion that no lien exists.

Let this opinion be certified.

PER CURIAM.     Judgment below reversed, and motion refused.